UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAYMOND NG,

                Plaintiff,

            - v -

HSBC MORTGAGE CORP., et al.,

                Defendants.
------------------------------------------------------------x

**ORDER**

CV-07-5434 (RRM)(VVP)

      The defendants seek remedies for the plaintiff's inadequate initial disclosures regarding damages and for the plaintiff's failure to serve proper notices of deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

      As to the inadequate initial disclosures, the defendants' application follows the court's ruling on November 18 that the plaintiff's disclosures were insufficient and concurrent order that the plaintiff was to provide supplemental disclosures providing, among other things, "a proper computation of damages that sets forth both an amount for each item of damages and a description of how the amount was computed." Conference Minutes, Nov. 18, 2008. The plaintiff served supplemental disclosures which provided three items of damages: actual damages, damage to credit, and inability to pay other debts. As to the first item, the plaintiff provided both an amount and a description (albeit somewhat cryptic) as to how they were calculated. Whether or not the computation is supported by the facts relating to the loan at issue, as the defendants appear to argue, the disclosure meets the requirements of Rule 26(a)(1) and provides no basis for relief. The defendants may of course inquire further about the facts underlying the computation and how the amount was computed at the plaintiff's deposition. As to the second item, neither an amount of damages nor a description of how they would be computed was

offered. Accordingly, as this is the second time the plaintiff has been afforded the opportunity to provide a computation of damages and has been unable or unwilling to do so, that item of damages is stricken and the plaintiff is precluded from seeking damages for that item. As to the third item, the plaintiff has provided a cryptic explanation and a total approximate amount of damages, but no details about how the amount was computed. Accordingly, prior to the commencement of the plaintiff's deposition on December 22 the plaintiff shall supply details, in writing, concerning the specific amount of each unpaid debt and the name of each creditor to whom the debt is owed. The plaintiff shall also produce for inspection and copying at the deposition, all documents relating to the unpaid debts.

As to the failure to serve proper notices of deposition, this too was the subject of discussions with the parties at the hearing on November 18. The court observed that the notice of deposition served on one of the corporate defendants was defective because it did not describe the subjects about which testimony was to be given with reasonable particularity. *See* Fed. R. Civ. P. 30(b)(6). The court therefore directed the service of a notice of deposition for the corporate defendant HSBC Mortgage Corp. that cured the infirmity. Inexplicably, the plaintiff served a notice that provided *less* information about the subjects of testimony than the notice that the court had found to be deficient. The plaintiff's notice to the other corporate defendant, HSBC USA, Inc., was equally deficient in describing the subjects of testimony. The defendants' motion to strike the deposition notices to the two corporate defendants is therefore GRANTED, and the court's order directing that the depositions of those parties occur on December 23 and 30 is VACATED.

In the plaintiff's letter in opposition to the defendants' motion asserts that the defendants have failed to provide adequate initial disclosures concerning electronically stored information

and failed to respond to discovery demands served on October 27, 2008.  Although the plaintiff does not specifically seek any relief from the court, the court deems the letter a cross-motion to compel discovery with respect to the itemized deficiencies.  Annexed to the defendants' response to the cross-motion, which was filed earlier today, are copies of their initial disclosures and supplementation to those disclosures.   The disclosures provided by the defendants are more than adequate to meet the obligations of Rule 26(a)(1).  Also annexed to the defendants' response is proof that the defendants have served responses to the plaintiff's discovery demands.  The plaintiff's cross-motion is meritless, if not entirely frivolous, and is DENIED.

      The defendants have also brought to the court's attention that the plaintiff has failed to produce discovery requested in October and has failed to advise the defendants whether an interpreter will be required for her client's testimony on December 22, 2008.  A telephone conference is hereby scheduled to be held tomorrow, **December 19, 2008, at 2:30 p.m.**, to be initiated by counsel for the defendants (Chambers: 718-613-2400).  If counsel for either of the parties is unable to attend at that time, they must immediately contact their adversary and telephone the court to obtain an alternate time.

      SO ORDERED:
      *Viktor V. Pohorelsky*
      VIKTOR V. POHORELSKY
      United States Magistrate Judge

Dated: Brooklyn, New York
      December 18, 2008