UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RAYMOND NG,

                Plaintiff,

                **ORDER**

   - v -

                CV-07-5434 (RRM)(VVP)

HSBC MORTGAGE CORP., et al.,

                Defendants.
----------------------------------------------------------------x

The plaintiff's failure to provide discovery in accordance with the rules of procedure and court orders brings the parties before the court once again by way of the defendants' letter motion dated December 22, 2008. The plaintiff's untimely opposition was filed on January 6, 2009, and the defendants' reply was filed on January 7, 2009.

The defendants' motion seeks sanctions for (I) the plaintiff's failure to comply with a court order concerning service of responses to interrogatories and document requests, (ii) the inadequacy of the plaintiff's responses to the interrogatories and document requests, and (iii) the plaintiff's failure, despite several court orders, to provide adequate automatic disclosures concerning damages. For these failures the defendants seek dismissal of the plaintiff's complaint. The defendants' letter also addresses their contention that the various matters addressed in their requests for admissions are now admitted because of the plaintiff's failure to respond within the time limits prescribed by the rules of procedure.

The plaintiff's persistent discovery failings, though frustrating, do not warrant the drastic remedy of dismissal. *See, e.g., Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 139-40 (2nd Cir. 2007). Rather, lesser sanctions are still available to redress those failings and any prejudice the defendants have suffered.

*THE MERITS: THE PLAINTIFF'S DISCOVERY FAILURES AND THE APPROPRIATE REMEDIES*

    1.    <u>The Plaintiff's Responses to the Defendants'
Interrogatories and Document Requests</u>

By letter dated December 18, 2008, only days before the court-ordered deposition of the plaintiff was scheduled to occur, the defendants advised the court by letter that the plaintiff had not yet responded to interrogatories and document requests served in mid-October, making them more than 30 days overdue. The court immediately convened a telephone conference and after hearing counsel for the parties entered an order directing that "**By 12:00 noon on Monday, December 22, 2008,** the plaintiff shall respond to the defendants' discovery requests that were served in October 2008 by delivering the responses and requested documents to the offices of the defendants' counsel in New York, New York." Minute Entry, Dec. 19, 2008, ¶ 2 (Dkt. Ent. 39) (emphasis in original). The specificity with which the court prescribed the time and manner of service was dictated by the need to permit the defendants' counsel adequate time to review the responses and documents before conducting the deposition of the plaintiff on the following day. Rather than deliver the responses and documents to the New York City office of the defendants' counsel as directed by the court, however, the plaintiff's counsel served the documents by dropping them in the mail addressed to the New York City office, and by sending them by facsimile to counsel's Buffalo, New York office.

Not only did the plaintiff's counsel fail to comply with the specific directions of the court regarding service, the responses themselves were incomplete and deficient. As to the interrogatories, some of the responses were missing entirely, and many of the responses that were provided failed to provide much of the information requested and asserted objections that were

improper and in some cases frivolous.¹ As to the document requests, the plaintiff initially failed to provide written responses to the requests, and produced documents without organizing and labeling them to correspond to the requests.²

The various deficiencies in the plaintiff's responses to the interrogatories and document requests require the court to provide the defendants with relief as follows. First, the plaintiff's initial failure to respond timely to the defendants' interrogatories and document requests constitutes a waiver of all objections, other than those based on privilege. *See* Fed. R. Civ. P. 33(b)(4); *Russo-Lubrano v. Brooklyn Federal Sav. Bank*, No. CV-06-672, 2007 WL 2126086, at *2 (E.D.N.Y. July 23, 2007); *Carr v. Queens-Long Island Medical Group, P.C.*, Nos. 99 Civ. 3706, 02 Civ. 1676, 2003 WL 169793, at *5 (S.D.N.Y. Jan. 24, 2003); *Berube v. Great Atlantic & Pacific Tea Co.*, No. 3:06 cv 197, 2006 WL 3826702, at *5 (D. Conn. Nov. 30, 2006); *Techsearch Services, Inc. v. Gorman*, No. 97 Civ. 7641, 1999 WL 33024, at *1-2 (S.D.N.Y. Jan. 21, 1999). Accordingly the objections to interrogatories 2-5 and 22 are stricken, and the plaintiff is directed to serve supplemental responses to those interrogatories providing all of the information requested. Similarly, the objections to requests 1, 3, 7, 8, and 10 in the defendants' Notice to Produce are stricken, and the plaintiff is directed to produce all documents sought by those requests in accordance with directions that are detailed *infra*.

---

¹The responses that were missing apparently resulted from errors in the transmittal that was made by facsimile, which omitted pages on which the missing responses probably appeared. Whether intentional or not, however, the consequence to the defendants was the same – they were not provided with responses in time to permit adequate preparation for the deposition of the plaintiff.

²At some point after the deadline for service, the plaintiff apparently served the written responses. *See* Pl. Ltr. in Opp., Jan. 6, 2009, Ex. D (Dkt. Ent. 43).

Second, as detailed below, the plaintiff's responses to a number of interrogatories were deficient because they did not adequately answer the questions presented:

*Interrrogatories 12 and 13*:  The answers to these two interrogatories are so cryptic as to be unintelligible and likely false.  The interrogatories ask for "the basis of plaintiff's information and belief concerning" allegations contained in ¶¶ 62 and 74 of the complaint, to which the plaintiff responded, "All borrowers that obtained loans from Def. Qi Zhao."  Does the plaintiff mean that he has had discussions with every borrower who obtained a loan from Qi Zhao, a doubtful prospect in light of his automatic disclosures which fail to mention any such persons.  Or does he mean to suggest that he surmises, based on his own experience, that every borrower had a similar experience? or does he mean something else entirely?  Supplemental answers to these interrogatories must be provided which specify precisely the information and belief that serve as the basis for the allegations in ¶¶ 62 and 74 of his complaint.

*Interrogatories 14 through 17 and 21*:  The plaintiff's responses to these interrogatories are deficient because they simply refer to allegations in the complaint without providing specific answers.  For example, interrogatory 14 asks the plaintiff to "Identify how the good faith estimate failed to comply with 15 U.S.C. § 1631, as alleged in ¶ 77 of the complaint," to which the plaintiff responded, "See ¶¶ 44 to 64 of the complaint."  An examination of those paragraphs (one of which – ¶ 44 – incorporates by reference every previous allegation in the complaint) reveals a host of information that has nothing to do with the requirements of 15 U.S.C. § 1631. The plaintiff must serve supplemental responses to these interrogatories which set out in narrative form specific answers to the questions presented.

*Interrogatory 20*: The plaintiff's objection to interrogatory 20 on the ground that it requests information protected by the attorney-client privilege is overruled. The interrogatory does not seek the contents of communications between counsel and her client.[3] The interrogatory simply seeks facts about events the plaintiff alleges occurred at the closing of the mortgage loan in question. That those events may have been the subject of discussions between client and counsel does not shield the facts from discovery. *Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S. Ct. 677, 685 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney"); *In re Grand Jury Subpoenas Dated Oct. 22, 1991, and Nov. 1, 1991*, 959 F.2d 1158, 1165-66 (2nd Cir. 1992); *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1037 (2nd Cir. 1984); *United States v. Cunningham*, 672 F.2d 1064, 1073 n. 8 (2nd Cir. 1982). A complete answer to interrogatory 20 must also be provided.

The plaintiff's objections to interrogatories 7 and 8, and to request 9 in the Notice to Produce on the grounds of privilege are sustained. The information sought in these discovery requests all concern medical treatment. As the plaintiff's mandatory disclosures concerning damages do not identify any physical or emotional injury for which damages are sought, the plaintiff is entitled to maintain his privilege with respect to medical treatment. The plaintiff is of course precluded from testifying about any medical treatment he may have received.

The plaintiff's production of documents responsive to the defendants' Notice to Produce was deficient in another respect – the documents were not organized and labeled to correspond

---

[3]The interrogatory asks the plaintiff to "Identify specifically how Defendants prevented plaintiff from reviewing the loan documents at the closings, as alleged in ¶ 185 of the complaint."

to the categories specified in the Notice as required by Rule 34(b)(2)(e)(i).  To remedy this failing, the plaintiff must again produce the documents in accordance with the following directions.  A complete set of copies of all documents responsive to the requests (including those responsive to requests as to which the court has stricken the plaintiff's objections) shall be bates-numbered by the plaintiff and produced to the defendants' counsel at their Buffalo offices, accompanied by an itemized list which sets forth, by bates-number, the documents responsive to each of the requests.

The plaintiff shall serve the supplemental responses to interrogatories ordered above, and shall produce documents as required above, all within 20 days.  Service and production may be made by mail.  Any failure by the plaintiff to comply completely with the directions above will result in appropriate sanctions, including without limitation the striking of allegations from the complaint and the preclusion of evidence.

2. <u>The Plaintiff's Untimely Responses to the Defendants' Request for Admissions</u>

The defendants have rejected the plaintiff's responses to their Request for Admissions on the ground that they were untimely, and that the matters addressed in the Request were therefore deemed admitted by operation of Rule 36(a)(3) of the Federal Rules of Civil Procedure.  That rule provides, in pertinent part, that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  There is no dispute that the defendants served their Request for Admissions on

October 15, 2008, and that the plaintiff did not respond until December 22, 2008, well over 30 days later.

The plaintiff argues that the court's minute entry concerning a telephone conference held on December 19, 2008 served to extend the time for service of the responses. *See* Minute Entry, Dec. 19, 2008, ¶ 2 (Dkt. Ent. 39). That is not correct. The discovery requests to which that entry was directed were the defendants' interrogatories and document requests, which were also served in October, and which were the subject of the defendants' letter to the court dated December 18, 2008. (Dkt. Ent. 37) That letter sought the court's intervention to obtain responses to those discovery requests in light of the upcoming deposition of the plaintiff only four days later. The letter specifically noted that, given the plaintiff's failure to respond timely to the Request for Admissions, they were admitted by operation of law. The defendants requested no relief with respect to the Request for Admissions, and the court granted none during the telephone conference on December 19.

Under Rule 36, once matters are admitted by operation of the rule because a party fails to respond to a Request for Admissions within 30 days, the only recourse available is a motion to withdraw the admission under Rule 36(b). Such a motion may be granted if that "would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36. No such motion was before the court at the time of the conference, and none is before the court now. The matters in the defendants' Request for Admissions are therefore "conclusively established" for purposes of this action unless and until a motion is granted permitting withdrawal. Fed. R. Civ. P. 36(b).

3. <u>The Automatic Disclosures</u>

The adequacy (and inadequacy) of the plaintiff's automatic disclosures has been addressed by the court on several occasions. The issue was first addressed in a letter motion filed by the defendants on November 14, 2008. After a hearing on the motion on November 18, 2008, the court directed the plaintiff to supplement his disclosures in various respects, one being "a proper computation of damages that sets forth both an amount for each item of damages and a description of how the amount was computed." Minute Entry, Nov. 18, 2008, ¶ 2 (Dkt. Entry 25). The adequacy of the supplemental disclosures then became the subject of a letter motion by the defendants dated December 12, 2008. As to damages, the supplemental disclosures identified three items of damages, one of which the court found (barely) adequate, but two of which failed again to comply with Rule 26(a)(1) and the specific order of the court. The supplemental disclosure provided neither an amount nor a computation for the second of the three items, and the court thus ordered that the item be stricken and the plaintiff be precluded from seeking damages in that category. Order, Dec. 18, 2008, at 1-2. As to the third item, because the plaintiff had at least provided an amount, although without any information about how the amount was computed, the court provided the plaintiff with yet another opportunity to rectify the deficiency by ordering that "prior to the commencement of the plaintiff's deposition on December 22 the plaintiff shall supply details, in writing, concerning the specific amount of each unpaid debt and the name of each creditor to whom the debt is owed." *Id.* at 2. Although it was not clearly marked as such, it appears that such a listing was included in the documents faxed to the defendants' Buffalo office. The defendants' contention that a proper computation of

damages was not provided is therefore incorrect, and no further relief concerning the issue is appropriate.

*ATTORNEYS' FEES AND EXPENSES*

As the defendants have prevailed on substantially all of their application to the court, they are entitled to an award of attorneys' fees and expenses associated with the letter motion dated December 22, 2008. The plaintiff's argument that the defendants are not entitled to such an award because they did not first seek to discuss with the plaintiff's counsel the inadequacy of the plaintiff's discovery responses is rejected. Such an obligation would have been triggered if the defendants had sought relief from the court under Rule 37(a) after the plaintiff had served timely responses to those requests. That was not the posture of the defendants' motion, however. Rather, the defendants were proceeding under Rule 37(b), which applies when a party has failed "to obey a court order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). As detailed above, the plaintiff failed in numerous respects to provide discovery ordered by the court, and an award of fees and expenses may be made regardless of whether the defendants sought to discuss the inadequacies before addressing them to the court.

The amount of the award of attorneys' fees and expenses will be set after the defendants file a statement of the fees and expenses incurred in making the motion, supported by appropriate timesheets and records. The plaintiff will have five business days to file a response limited to the issue of the reasonableness of the defendants' submission.

**SO ORDERED:**
*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
 January 27, 2009