UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
RAYMOND NG,

                Plaintiff,                       **MEMORANDUM & ORDER**

      - against -                             07-CV-5434 (RRM)(VVP)

HSBC MORTGAGE CORP., et al.,

                Defendants.
----------------------------------------------------X
MAUSKOPF, United States District Judge.

      On January 27, 2009 Magistrate Judge Victor Pohorelsky's imposed discovery sanctions on Plaintiff's Counsel in the form of attorney's fees for various failures to comply with discovery rules and court orders. [Docket no. 47]. On February 17, 2009, Plaintiff's Counsel filed a motion seeking, *inter alia*, reconsideration of that Order. [Docket no. 55]. On March 6, 2009, Judge Pohorelsky denied Plaintiff's Counsel's motion for reconsideration. [Docket no. 57]. Thereafter, on March 18, 2009, the motion for reconsideration having been denied, Plaintiff's Counsel sought another avenue of appeal by filing, with this Court, Rule 72 objections to the Magistrate Judge's denial of reconsideration. [Docket no. 59]. Those objections are hereby DISMISSED.

      Plaintiff's Counsel has expended its opportunity to timely appeal the sanctions order. If Plaintiff's Counsel sought to contest the imposition of sanctions – a non-dispositive order – Rule 72 provided an appropriate vehicle for such relief. See Fed. R. Civ. P. 72. Rather than timely file Rule 72 objections, however, Plaintiff's Counsel instead opted to file, with the Magistrate Court, a Rule 60 motion for reconsideration, a wholly inappropriate appeal procedure in this case. See Koehler v. Bank of Bermuda Ltd., No. M18-302, 2003 WL 466206, at *1(S.D.N.Y. Feb. 21, 2003) (holding that Rule 72 objections are the exclusive procedural vehicle for

appealing non-dispositive orders of the magistrate court, including the imposition of sanctions and attorney's fees, and enjoining counsel from filing a motion for reconsideration).

Notwithstanding Plaintiff Counsel's procedurally defective Rule 60 motion, Judge Pohorelsky was more than generous in entertaining that motion on the merits [see docket no. 57]; a motion that if properly brought under Rule 72, as required, could have been summarily dismissed as untimely – having been made well in excess of 10 days from the imposition of sanctions. See Fed. R. Civ. P. 72 (requiring that objections to magistrate orders be timely made within 10 days). Thus, Counsel has already had the benefit of the Magistrate Judge's substantive reconsideration of his previous sanctions order, a benefit to which Counsel was not entitled. As such, this Court need not countenance yet another untimely request to vacate the proper imposition of sanctions. Nonetheless, having reviewed Judge Pohorelsky's opinions in this matter for error, this Court finds none. Judge Pohorelsky's decision to impose sanctions was within the appropriate exercise of his sound discretion and is adequately justified on the factual record. For purposes of Rule 72, neither the imposition of those sanctions nor the concomitant denial of reconsideration is clearly erroneous or contrary to law. Accordingly, Plaintiff Counsel's various arguments in opposition to the proper imposition of those sanctions are wholly without merit.

Based on the foregoing, Defendants' motion to Strike the Appeal [docket no. 61] is DISMISSED as moot. This Court would be remiss, however, if it did not point out that in connection with Defendants' motion to Strike, Plaintiff's Counsel directly contravened this Court's express order, which prohibited Plaintiff from filing reply papers without first seeking leave to do so. Indeed, not only did Plaintiff's Counsel violate that directive, Counsel filed 117 pages of briefing and appended materials. This repeated inability of Plaintiff's Counsel to

comport itself in the manner required by the Magistrate Judge and this Court precisely demonstrates the unfortunate need for the imposition of the sanctions complained of in this case.

## CONCLUSION

Plaintiff's Rule 72 Objections to Magistrate Judge Pohorelsky's March 26, 2009 sanctions Order are DISMISSED. Defendants' Motion to Strike Plaintiff's Appeal is DISMISSED as moot.

SO ORDERED.

Dated: Brooklyn, New York
      May 19, 2009

_____s/ RRM_____
ROSLYNN R. MAUSKOPF
United States District Judge