UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAYMOND NG,

                        Plaintiff,                        MEMORANDUM & ORDER
                                                                              07-CV-5434 (RRM)(VVP)

            - against -

HSBC MORTGAGE CORP.,
HSBC USA INC.,
QI ZHAO,
DATIUS WONG,[1]

                        Defendants.
------------------------------------------------------------X
MAUSKOPF, United States District Judge.

      Plaintiff, Raymond Ng, commenced this action alleging violations of federal and state law in connection with a home mortgage transaction entered into with Defendant HSBC Mortgage Corp., and certain of its employees, Defendants Qi Zhao and Davis Wong (all Defendants are hereby referred to collectively as "HSBC" or "Defendants").

      Two pending motions in this matter were respectfully referred to Magistrate Judge Viktor V. Pohorelsky for a Report and Recommendation: a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), and a motion for sanctions, pursuant to Federal Rule of Civil Procedure 37 (Docket Nos. 27 and 66, respectively). Now before this Court are (1) Judge Pohorelsky's December 15, 2009 Report and Recommendation (the "R&R") (Docket No. 73) recommending that Defendants' motion for judgment on the pleadings be granted in part, and that the motion for sanctions be granted in part, (2) Plaintiff's timely objections to portions of the R&R (Docket No. 74), (3) Defendants' timely objections to portions

---

[1]     Although sued previously as "Davis Wong," the Court amends the caption to reflect Defendant's correct name: "Datius Wong." The Clerk of Court is hereby directed to correct the caption in all further proceedings in this matter.

of the R&R (Docket Nos. 75 and 76), and (4) Defendants' response to Plaintiff's objections (Docket No. 78).

## Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). If any party timely serves and files written objections to a magistrate judge's report and recommendation on a dispositive motion, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed, see *Thomas v. Arn*, 474 U.S. 140, 150 (1985), and instead reviews those portions for clear error, see *Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

## I.

## Motion for Judgment on the Pleadings

### A. Plaintiff Ng's Objections

Ng alleges that the Magistrate Judge erred in recommending the following:

- dismissal with prejudice of nondisclosure claims brought pursuant to the Truth in Lending Act ("TILA"), as amended, 15 U.S.C. § 1601, *et. seq.*, and its related provisions set forth in the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1602(aa), 1639;
- dismissal with prejudice of false statement and conspiracy claims brought pursuant to 19 U.S.C. §§ 1001 and 1014 (the "mortgage fraud statute"), and 18 U.S.C. § 371;
- dismissal *without* prejudice, and with leave to replead, civil rights claims brought pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3605, the Equal Credit

2

Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and 42 U.S.C. §§ 1981, 1982, and 1985;

- dismissal with prejudice of New York banking law claims brought pursuant to N.Y. Banking Law §§ 6-*l*, 672, 9-o(2), and 661;
- dismissal with prejudice of usury claims brought pursuant to N.Y. Gen. Oblig. Law § 5-501(1) and New York's common law of usury.

In considering Ng's written objections, this Court has conducted *de novo* review of the R&R and the underlying pleadings and factual record upon which it is based. With the single exception of NG's TILA claim for money damages, which is further discussed below, Ng's objections are overruled and the R&R is hereby adopted, based on the Magistrate Judge's analysis as set forth therein.

As to NG's TILA claim, this Court articulates the following clarification. The R&R recommends complete dismissal of all TILA proscribed relief, including all claims for money damages and/or rescission. Having reviewed the matter, the Magistrate Judge properly determined that 15 U.S.C. § 1635(a) – the TILA provision that (1) provides for the borrower's rescission right and (2) requires the express disclosure of that right – is wholly inapplicable in the context of residential mortgages, as here. *See* 15 U.S.C. § 1635(e)(1); *Eubanks v. Liberty Mortg. Banking Ltd.*, 976 F. Supp. 171, 174 (E.D.N.Y. 1997) (noting that rescission and rescission-related disclosures are not provided for in the context of residential mortgages, citing the plain language of 15 U.S.C. §§ 1635(e)(1) and 1602(w)). Ng's equitable rescission claim is therefore properly dismissed, as is any related claim for money damages (see, 15 U.S.C. §§ 1635(f) and 1640) that may be predicated upon HSBC's alleged nondisclosure of inapplicable § 1635 rights.

The viability of money damage claims for violations of TILA requirements other than those provided in § 1635, however, is not fully addressed in the R&R. For example, Ng asserts violations of TILA disclosures required under 15 U.S.C. § 1638 – a provision that is not limited

3

by § 1635's residential mortgage exemption.[2] Thus, to the extent that Ng has expressly asserted TILA-specific (i.e., non-HOEPA) causes of action other than under § 1635, HSBC's motion is denied.

### B. HSBC's Objections

HSBC alleges that the Magistrate Judge erred in recommending the following:

- granting Ng leave to replead civil rights claims under the FHA, the ECOA, and various provisions of Title 42 of the United States Code;
- denying HSBC's motion as to Ng's common law unconscionability claims; and
- denying HSBC's motion as to Ng's deceptive practices claim under N.Y. Gen. Bus. Law § 349.

This Court has conducted *de novo* review of the R&R, and the underlying pleadings and factual record upon which it is based. Upon careful consideration of HSBC's objections, those objections are overruled and, based on the reasons set forth by the Magistrate Judge, the R&R is hereby adopted.

## II.

## The Sanctions Motion

Pursuant to Federal Rule of Civil Procedure 37, and in the exercise of its broad discretion, the Magistrate Judge recommends sanctions based upon (1) Ng's failure to comply with a court order requiring him to provide supplemental responses to interrogatories and document requests and (2) plaintiff counsel's failure to pay, in the manner directed by the Magistrate Judge, attorneys' fees awarded by the court for the firm's prior discovery failures.

---

[2] The Court notes that in the context of residential mortgages, TILA's disclosure requirements may be modified by certain provisions of the Real Estate Settlement Procedures Act. *See* 12 U.S.C. § 2601; 12 C.F.R. 226.18; *see e.g., Smith v. Chase Mortg. Credit Group*, 653 F. Supp. 2d 1035, 1042(E.D. Cal. 2009)

4

The Magistrate Judge recommends as follows:

- As to Ng's failure to provide a sufficient response to Defendant's Interrogatory No. 4: Ng should be precluded from calling any witness (other than Defendants and himself) to testify about any written communications relating to the mortgage transactions at issue here; in addition, Ng should be precluded from testifying about any non-written communications between himself and Defendants unless (i) he has testified about the communication in his deposition *or* (ii) he serves a complete response to interrogatory 4 that provides, for each such communication, the approximate date of the communication, the persons present during the communication, and the substance of the communication. Further, the Magistrate recommends that a deadline be set requiring Plaintiff to provide a complete response to Interrogatory No. 4;

- As to Ng's failure to provide any response to Defendant's Interrogatory No. 9, and, instead, stand upon a previously overruled objection: Ng should be precluded from calling any witness to testify at trial who has not previously been identified and for whom contact information has not previously been provided;

- As to Ng's failure to comply with the January 27, 2009 [Docket No. 47] document production order: Ng should be precluded from offering in evidence any document *unless* it has been bates numbered and listed in accordance with the Magistrate's prior Orders. Further, the Magistrate recommends that a deadline be set requiring Plaintiff to comply with the relevant requests for document production;

- As to Counsel's repeated failures to comply with discovery obligations: Ng's counsel – rather than Ng – should directly bear the cost of the Rule 37 motion [Docket No. 66], including attorneys' fees and costs;

- As to Counsel's failure to comply with the March 6, 2009 order [see, Docket No. 57]: Ng's counsel should Show Cause in Writing why additional sanctions should not be imposed for its failure to personally and timely previously awarded sanctions to Phillips Lytle LLP, as required. *See* Docket No. 71 (describing Plaintiff counsel's failure to comply with the March 2, 2009 order).

Ng has lodged timely objections to the imposition of the recommended monetary and discovery sanctions. Meanwhile, HSBC objects to the denial of their sanctions request for complete dismissal of the Complaint. Having reviewed the Magistrate Judge's prior Orders, and the underlying factual record, this Court finds that the Magistrate Judge's recommendations are, under the circumstances, measured and well within his broad discretion to govern the discovery process. *See, e.g., Butler v. Adelphi Univ.*, 1996 WL 622170, *1 (E.D.N.Y. Oct. 23, 1996)

(affirming Magistrate's authority to govern the discovery process, and adopting Magistrate Judge Pohorelsky's recommendation for Rule 37 discovery sanctions precluding certain defenses).

In connection with the enforcement of the recommended discovery sanctions this Court hereby determines and ORDERS as follows:

- In accordance with the Magistrate's recommendation, Defendants' motion seeking complete dismissal of the Complaint is DENIED;

- The Magistrate Judge's recommended evidentiary sanction for failure to provide an adequate response to Interrogatory No. 4 is hereby ADOPTED. Plaintiff shall be precluded from offering evidence at trial in the manner recommended above, unless Plaintiff serves, within 14 days from the date of this Order, a response to Interrogatory No. 4 in a manner satisfactory to the Magistrate Judge;

- The Magistrate Judge's recommended evidentiary sanction for failure to provide an adequate response to Interrogatory No. 9 is hereby ADOPTED. Plaintiff shall be precluded from calling any witnesses at trial who have not previously been identified and for whom contact information has not been provided;

- The Magistrate Judge's recommended evidentiary sanction for failure to comply with his January 27, 2009 discovery order concerning the production of documents is ADOPTED. Plaintiff shall be precluded from offering in evidence any document that has not been bates numbered and listed in accordance with the Magistrate Court's January 27, 2009 order. Any further motion for leave to produce documents compliant with the January 27, 2009 order is hereby REFERRED to the Magistrate Judge, who may, within his sound discretion grant or deny such leave;

- The Magistrate Judge's recommended sanction, awarding fees and costs in connection with the Rule 37 motion [Docket No. 66], is ADOPTED. Defendants' counsel shall, within 14 days of this Order, submit documentary support for the fees and costs associated with that motion to the Magistrate Judge;

- It is ORDERED that, within 14 days of this Order, Plaintiff's counsel shall retender payment (consisting of attorneys' fees and costs, in compliance with the Magistrate Judge's March 6, 2009 order) to adversary counsel, Phillips Lytle, P.C., in the manner previously directed by the Magistrate Court. *See* Docket No. 57. The sanctions check shall be demonstrably drawn on counsel's account – and shall not be drawn on any account or from any funds belonging personally to Plaintiff Ng. Plaintiff counsel's arguments against the imposition of further sanctions for her failure to comply with the March 6, 2009 order, as set forth in the Plaintiff's Objections to the R&R, are respectfully REFERRED to Magistrate Judge for further determination, and the imposition of discretionary sanctions as necessary;

- Plaintiff and Plaintiff's counsel are hereby on notice that further failure to comply with litigation obligations or judicial orders may result in further sanctions as appropriate,

6

including further monetary or evidentiary sanctions, complete dismissal of the Complaint, as well as any and/or attorney disciplinary referral.

## CONCLUSION

HSBC's motion to dismiss money damage claims for TILA-specific (i.e., non-HOEPA) violations, other than those asserted under 15 U.S.C. § 1635, is DENIED. In all other respects, the Magistrate Judge's well-reasoned R&R is hereby ADOPTED. As to HSBC's sanctions motion, it is hereby ORDERED as follows: (i) HSBC's motion seeking complete dismissal of the Complaint is unwarranted at this stage, and is therefore DENIED; (ii) HSBC's motion to preclude certain evidence at trial is GRANTED; (iii) the recommended sanctions, awarded against Plaintiff's counsel in connection with the filing of Docket No. 66, are ADOPTED; Defendants' counsel shall submit documentary evidence of such fees and costs to the Magistrate Judge within 14 days; (iv) in connection with Docket No. 57, Plaintiff's counsel shall, within 14 days, re-tender the previously awarded sanctions to Phillips Lytle LLP, in the manner prescribed above, and further action on the matter is respectfully referred to the Magistrate Judge. The parties are hereby directed to Magistrate Judge Pohorelsky to complete all remaining pretrial proceedings.

SO ORDERED.

Dated: Brooklyn, New York
March 10, 2009

_____ /
ROSLYNN R. MAUSKOPF
United States District Judge