UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RAYMOND NG,

                Plaintiff,

        v.                     **OPINION AND ORDER**

HSBC MORTGAGE CORP., HSBC USA,     07-CV-5434 (RRM)(VVP)
INC., QI ZHAO, and DAVIS WONG,

                Defendants.
----------------------------------------------------------x
POHORELSKY, Magistrate Judge:

        Judge Mauskopf's Memorandum and Order adopting the Report and Recommendation issued by me on December 15, 2009 returned two issues to me for further action. First, having adopted the recommendation that attorneys' fees and costs be awarded to the defendants in connection with their motion for sanctions filed on June 1, 2009 (Doc. No. 66), Judge Mauskopf directed the defendants to submit documentary evidence of those fees and costs to me for a determination of the amount of the award. Second, Judge Mauskopf referred to me the issue of whether further sanctions should be imposed on the plaintiff's counsel for failing to tender payment to the defendants of a previous award of attorneys' fees and costs in accordance with the court's directions. Those two matters are addressed in turn below.

*Attorneys' Fees and Costs for the June 1, 2009 Motion for Sanctions*

        Within the time period directed by the court, the defendants have submitted declarations by their attorneys, billing records, and a memorandum of law to substantiate the fees and costs incurred in connection with the June 1, 2009 motion. The plaintiff has filed objections to those submissions.

The billing records submitted by the defendants are adequately detailed, *see New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2nd Cir. 1983), and establish that two attorneys devoted time and effort to the motion and the instant application for fees.  Reimbursement in the amount of $557.18 is sought for 1.9 hours spent by a partner, Preston L. Zarlock, Esq., at his then hourly rate of $293.25. Reimbursement in the amount of $1,344.60 is sought for 8.1 hours spent by an associate, Sean C. McPhee, Esq., at his hourly rate of $166.  The billing rates for both attorneys are well within the norms for attorneys with their respective levels of experience in this district.[1]

The plaintiff's counsel attacks the submissions on several fronts, all meritless. First, she faults the attorneys for failing to provide explanations in their declarations for certain billing entries, specifically, entries dated May 20, June 3, and June 15, 2009 in McPhee's billing records and entries dated May 20, and June 16, 2009 in Zarlock's billing records.  There are two answers to the argument.  Judge Mauskopf's order did not require the defendants to provide any explanations by way of declarations to support their fees, only documents substantiating their fees and costs.  Mem. and Order, March 10, 2009, at 7.  As noted above, the billing records provide adequately detailed explanations of the work done without any supporting declarations.  More importantly,

---

[1] In considering the amount of fees to be awarded the court is guided by the Second Circuit's decisions in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182 (2d Cir. 2008), and its progeny.  *See, e.g. McDaniel v. Schenectady*, 595 F3d 411 (2d Cir. 2010); *Simmons v. New York City Transit Authority*, 575 F.3d 170 (2d Cir. 2009).

although the entries challenged by the plaintiff's counsel appear in the billing records submitted to the court, a review of the defendants' declarations and a simple calculation of the time for which reimbursement is sought demonstrates that the defendants are not seeking reimbursement for the time reflected in those entries. The argument is therefore frivolous.

Equally frivolous is the plaintiff's counsel's challenge to what is obviously a typographical error in McPhee's declaration, in which he mistakenly refers to three tenths of an hour of work done on June 7, 2009 which the billing records reflect was actually done on June 1, 2009. Finally, the plaintiff's counsel faults the defendants for not providing billing records in connection with the 1.1 hours of time spent in preparing the submissions now under review.[2] Although billing records are ordinarily required in support of fee applications, since the time spent on the instant submissions had obviously not yet been billed at the time the submissions were being prepared, the declaration by the defendant's counsel regarding the time spent is a sufficient, contemporaneous record to support an award.

The time spent by the defendants on the motion, however, is somewhat greater than was necessary in the circumstances. Both the motion and the instant submissions were made with formal papers, which are unnecessary under the court's local rules of

---

[2]The plaintiff does not question the defendants' right to obtain reimbursement for the time reasonably spent in supporting a fee application, which is well established in this Circuit. *See, e.g.,Valley Disposal, Inc. v. Central Vermont Solid Waste Management Dist.*, 71 F.3d 1053, 1059-60 (2d Cir. 1995); *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), *aff'd on other grounds,* 448 U.S. 122 (1980).

practice concerning discovery.  *See* Local Civil Rule 37.3.  The issues raised by the motion were not complex, and the amount of time and effort devoted to them was greater than necessary.  The extra effort devoted to the matter may be explained by the fact that the defendants were seeking complete dismissal of the plaintiff's action, a sanction which the jurisprudence clearly did not support and which the court did not award.  For these reasons a reduction of 20% from the fees requested is appropriate. *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application") (*quoting Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

Accordingly, the plaintiff's counsel is directed to submit payment in the amount of $1,521.42 to the defendants' counsel.  The check shall be drawn demonstrably on counsel's account, and shall not be drawn on any account or from any funds belonging personally to the plaintiff Ng.  The check shall be made payable to Phillips Lytle, P.C. and shall be tendered within fourteen days.

*The Failure by the Plaintiff's Counsel to Pay Previous Sanctions as Directed*

The court's prior award of sanctions for failure to comply with discovery obligations directed that "the plaintiff's counsel (not the plaintiff) is directed to pay to the defendant a total of $1,638.00."  Order, Mar. 6, 2009, at 4.  Apparently ignoring that direction, the plaintiff's counsel submitted payment by means of a check drawn on an account jointly held in the names of the plaintiff, Raymond Ng, and Pui Ching Ho.  As

the payment appeared to conflict directly with the court's order, I recommended that the plaintiff's counsel be required to appear in court with her client to explain why she had ignored the direction that she, and not her client, was responsible for the sanction. Judge Mauskopf has now referred the matter back to me for further determination concerning the imposition of sanctions in light of the objections to my recommendation filed by the plaintiff's counsel.

After reviewing the plaintiff's counsel's objections to my recommendation, the court remains puzzled about what occurred. In those objections, the only argument advanced by the plaintiff's counsel concerning the failure to tender payment in the manner ordered by the court was that, although the check was drawn on an account bearing the plaintiff's name, it was apparently signed by the co-owner of the account. That explanation is not satisfactory for two reasons. First, the court's direction was that the payment was to be made by the plaintiff's counsel, and it plainly was not. Second, and more troublesome, at the very least the payment was made by someone affiliated with the plaintiff, which raises a substantial question about whether the payment was actually made by, or at the behest of, the plaintiff in direct contravention of the court's order. This in turn raises a concern about whether the plaintiff's counsel is being candid with her client about court-imposed obligations.

The only way to clarify these issues is to hold a hearing at which the plaintiff's counsel and the plaintiff himself can explain the source of the funds reflected in the check and how the check came to be tendered. The hearing will be held on **April 20,**

**2010 at 11:00 a.m.** in Courtroom 13A of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. Counsel for the plaintiff is directed to advise the plaintiff immediately of the above hearing and of his obligation to attend in person. The defendants' counsel are not required to attend.

**SO ORDERED:**
*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         April 5, 2010