UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RAYMOND NG,

              Plaintiff,

   -against-                                  **MEMORANDUM AND ORDER**
                                                    07-CV-5434 (RRM) (VVP)

HSBC MORTGAGE CORP., HSBC USA INC.,
QI ZHAO, and DATIUS WONG,

              Defendants.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      **P**laintiff, Raymond Ng, commenced this action against HSBC Mortgage Corp., HSBC USA (together, "HSBC"), and individual HSBC employees Qi Zhao (together with "HSBC," the "Remaining Defendants") and Datius Wong (together with the Remaining Defendants, "defendants"), in connection with a home mortgage transaction. (*See* Compl. (Doc. No. 1).) The Court granted Wong summary judgment as to all of Ng's pending claims against Wong, and granted the Remaining Defendants summary judgment as to all of Ng's outstanding claims against them save one: Ng's claim against the Remaining Defendant pursuant to 15 U.S.C. § 1638(b) ("Section 1638(b)") of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. (the "Final Claim"). (*See* Partial Summ. J. Order) (Doc. No. 107).)

      Only recently, the Remaining Defendants advised the Court that the Final Claim rests on an amendment to TILA that was not yet in effect at the time of the transactions at issue here. The Remaining Defendants have now moved to modify the Partial Summary Judgment Order by granting them summary judgment on the Final Claim. For the reasons that follow, their motion is granted.

1

## BACKGROUND

The Court assumes familiarity with the Partial Summary Judgment Order but, for the sake of convenience, restates here, in summary fashion, the facts relevant to the instant determination. In or around November 2006, Ng applied to HSBC for financing in connection with his purchasing a residential property located at 2041 79th Street in Bay Ridge, Brooklyn (the "Property"), which cost $555,000. Ng anticipated making a $56,000 down payment and sought a loan from HSBC in the amount of $499,000. According to Ng, defendant Zhao, an HSBC employee, informed him that he could arrange two loans: one for $417,000 at an interest rate of 6.125% (the "First Mortgage") and one for $82,500 at a fixed interest rate of 8.5% (the "Second Mortgage").[1] HSBC sent Ng a letter of commitment for the First Mortgage in the amount discussed. On January 3, 2007, Ng signed a Uniform Residential Loan Application for the First Mortgage, the First Mortgage, and a Good Faith Estimate ("GFE") of Settlement Charges (the "GFE Form"). (Decl. of Jeffrey Liew ("Liew Decl.") ¶¶ 13, 19–20; Exs. A, G–H (Doc. No. 99).) Ng's attorney at the time, Norman Lau Kee, signed the First Mortgage as a notarized witness to Ng's signature. (*Id*. Ex. A.)

On December 28, 2007, Ng filed the complaint, asserting fourteen causes of action. (*See* Compl. (Doc. No. 1).) On December 15, 2009, Magistrate Judge Pohorelsky issued a Report and Recommendation ("Dec. 15, 2009, R&R" (Doc. No. 73)) concerning defendants' motion for judgment on the pleadings, recommending that the Court dismiss all of Ng's claims except his claim under N.Y. Gen. Bus. L. § 349 and his claim alleging unconscionability. (Dec. 15, 2009, R&R at 27, 36.) On March 10, 2009, the Court adopted the December 15, 2009, R&R, in

---

[1] As the Court determined in the Partial Summary Judgment Order, the Final Claim concerns only the First Mortgage; accordingly, the Second Mortgage and related Home Equity Line Agreement are irrelevant for purposes of this Memorandum and Order.

significant part but determined that, to the extent Ng had expressly stated a cause of action based on subsections of TILA apart from 15 U.S.C. § 1635, such claims also survived. (Mar. 10, 2009 Order (Doc. No. 79) at 3–4.) On August 11, 2010, the Court granted Wong summary judgment on all of Ng's remaining claims, and granted the Remaining Defendants summary judgment with respect to all of Ng's remaining claims besides the Final Claim. (Partial Summ. J. Order.) The Court did not issue a final judgment.

In his Final Claim, Ng alleges that defendants violated Section 1638(b) by failing to (1) provide a GFE of statutorily required disclosures within three days of receiving Ng's First Mortgage application and (2) include a disclosure that "You are not required to complete this agreement merely because you have received these disclosures or signed a loan application." 15 U.S.C. § 1638(b)(2)(B)(i). It has, only now, come to the Court's attention that Ng's Final Claim relies on amendments to Section 1638(b) that post-date, and therefore do not govern, the First Mortgage.[2] At the October 24, 2013, conference, the Court directed the parties to file supplemental briefing if, after reviewing this issue, Ng still intended to go to trial. (Oct. 24, 2013, Minute Entry.)

## DISCUSSION

Fed. R. Civ. P. 56 provides that summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Rule 56 also provides that a party may seek partial summary judgment – that is, summary judgment on only some of the claims or defenses. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

---

[2] The Remaining Defendants first raised this issue in the parties' proposed joint pre-trial order. (Doc. No. 118.)

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the movant has demonstrated that no genuine issue of material fact exists, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

Fed. R. Civ. P. 54(b), in turn, provides that unless the court directs entry of a final judgment, "any order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." Fed. R. Civ. P. 54(b); *see S.E.C. v. Amerino Inv. Advisors, Inc.*, No. 05 CV 5231, 2014 WL 405339, at *3 (S.D.N.Y. Feb. 3, 2014) ("For non-final orders . . . , Rule 54(b) allows for reconsideration in the district court's equitable discretion . . . . 'So long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.'") (quoting *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982)); *Williams v. Cnty. of Nassau*, 779 F. Supp. 2d 276, 280 (E.D.N.Y. 2011) ("A district court retains absolute authority to reconsider or otherwise affect its interlocutory orders any time prior to appeal."); *Golub v. Kidder, Peabody & Co., Inc.*, No. 89 CV 5903, 1991 WL 233259, at *1 (S.D.N.Y. Oct. 21, 1991) ("[I]nterlocutory orders . . . remain within the plenary powers of the court that rendered them to grant relief from them as justice so requires.") (internal quotation marks omitted). A court may conduct such reconsideration *sua sponte* or on motion. *See Hogan v. Cnty. of Lewis*, No. 11 CV 0754, 2014 WL 118964, at *6 (N.D.N.Y. Jan. 10, 2014).

Under Rule 54(b)'s equitable standard, a court must be mindful that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Amerino Inv. Advisors, Inc.*, 2014 WL 405339, at *3 (internal

quotation marks omitted). Therefore, a court should decline to reconsider its prior decision "unless there is a strong likelihood that the district court's decision would ultimately be reversed on appeal. In that situation, reconsideration saves the parties' (and the Circuit's) time by avoiding a second, unnecessary battle in the Court of Appeals." *Id.*; *see also Benavidez v. Piramides Mayas Inc.*, No. 09 CV 9574, 2013 WL 2357527, at *3(S.D.N.Y. May 24, 2013) (stating that the "major grounds" justifying reconsideration pursuant to Rule 54(b) are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice) (internal quotation marks omitted).

Here, the Partial Summary Judgment Order was a non-final order, as the Court did not adjudicate the Final Claim as to the Remaining Defendants or direct entry of judgment concerning the Final Claim. *See* Fed. R. Civ. P. 54(b). As such, the Partial Summary Judgment Order is an interlocutory order that "may be revised at any time before the entry of a judgment adjudicating all the claims." *Id.*; *see also Amerino Inv. Advisors, Inc.,* 2014 WL 405339, at *3 ("'In general, an order denying summary judgment or granting partial summary judgment . . . is nonfinal.'" (quoting *La Trieste Rest. & Cabaret, Inc. v. Vill. Of Port Chester*, 96 F. 3d 598, 599 (2d Cir. 1996))); *Estate of Mantle v. Rothgeb*, 537 F. Supp. 2d 533, 536 (S.D.N.Y. 2008) (modifying partial summary judgment order pursuant to court's inherent authority to reconsider and modify interlocutory orders).[3] Accordingly, the Court has discretion to revise the Partial Summary Judgment Order.

---

[3] The Remaining Defendants invoke Fed. R. Civ. P. 60(b) as an alternate basis for relief. That rule is inapplicable, however, as it concerns motions for relief from a "*final* judgment, order, or proceeding," whereas the Partial Summary Judgment Order is non-final. *See U.S. Bank Nat'l Ass'n v. Crutch*, No. 09 CV 998, 2012 WL 1605595, at *1 n.2 (E.D.N.Y. May 8, 2012) (finding Rule 60 inapplicable to interlocutory summary judgment order); *see also Golub*, 1991 WL 233259, at *1 ("Rule 60(b) . . . affords relief only in respect of a final judgment, order, or proceeding.") (internal quotation marks omitted).

Moreover, the Court may treat defendants' motion as a motion for reconsideration. The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) (on reconsideration, court must find that it overlooked matters or controlling decisions which, if considered, would have mandated a different result). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Thus, "a party may not advance new facts, issues, or arguments not previously presented to the Court." *Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (internal quotation marks omitted).

Local Rule 6.3, which also governs a motion for reconsideration, likewise should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court," and may not be used to advance new facts, issues or arguments not previously presented to the Court. *Davidson v. Scully*, 172 F. Supp. 2d 458, 461–62 (S.D.N.Y. 2001) (citations and quotation marks omitted). Ultimately, the decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Union*, 175 F.3d 121, 132 (2d Cir. 1999).

Here, and even under the strict standards for a motion for reconsideration, a modification of the Court's Partial Summary Judgment Order is necessary to correct clear error, prevent manifest injustice, and avoid a trial on the sole remaining claim that has no basis in law.

As explained above, Ng asserts in his Final Claim that defendants violated TILA by failing to provide a GFE within three days of receiving Ng's First Mortgage application, and to include a statement that "You are not required to complete this agreement merely because you have received these disclosures or signed a loan application." In finding the Final Claim viable, the Partial Summary Judgment Order applied the version of TILA as amended July 30, 2008. That version of the statute contains the requirements about which Ng complains in his Final Claim.[4]

However, the First Mortgage was executed on January 3, 2007, *prior* to the 2008 amendment. The operative version of TILA in effect at the time of the First Mortgage (1) required the creditor to provide a GFE by the earlier of two possible dates and (2) omitted any requirement that the GFE contain a statement that the mortgagor need not go through with the loan merely because he has received disclosures or signed an application:

> In the case of a residential mortgage transaction . . . , good faith estimates of the disclosures required under subsection (a) of this section shall be made in accordance with regulations of the Board under section 1631(c) of this title *before the credit is extended, or shall be delivered or placed in the mail not later than*

---

[4] Pursuant to statute as amended July 30, 2008:

> (A) . . . good faith estimates of the disclosures required under subsection (a) of this section shall be . . . delivered or placed in the mail not later than three business days after the creditor receives the consumer's written application, which shall be at least 7 business days before consummation of the transaction.
> (B) In the case of an extension of credit that is secured by the dwelling of a consumer, the disclosures provided under subparagraph (A) shall . . .
> (i) state in conspicuous type size and format, the following: 'You are not required to complete this agreement merely because you have received these disclosures or signed a loan application.'

15 U.S.C. § 1638(b)(2). These amendments became effective July 30, 2009, and are not retroactive. *See Hughes Aircraft Co. v. United States ex rel. Schnumer*, 520 U.S. 939, 946 (1997) (noting presumption against retroactive legislation unless Congress has clearly manifested contrary intent).

> *three business days after the creditor receives the consumer's written application, which ever [sic] is earlier.*

15 U.S.C. § 1638(b)(2) (2005) (emphasis added).

Tellingly, Ng does not dispute that this earlier version of the statute governs his Final Claim, or that defendants' complied with the earlier version of the statute by providing him with the GFE Form at the closing. *See Ngwa v. Castle Point Mortg., Inc.*, No. 08 CV 0859, 2008 WL 3891263, at *10 (S.D.N.Y. Aug. 20, 2008) (holding that under 2005 version of TILA, lender who provided mandatory TILA disclosures to borrower at closing was not liable for monetary damages). Indeed, in his opposition papers, Ng does not even address the substance of defendants' motion, and instead, opposes it solely on procedural grounds.[5] Accordingly, Ng has failed to raise any genuine legal or factual issue suggesting that the *relevant* version of TILA entitles him to relief, or warrants preserving the Final Claim for trial. While defendants belatedly pointed out the error in relying on the wrong version of TILA, the error was a genuine mistake made by all, driven by an important but somewhat dense and tedious statute that is certainly capable of misconstruction. As such, the Remaining Defendants are entitled to judgment as a matter of law on the Final Claim. *See Matsushita*, 475 U.S. at 587; Fed. R. Civ. P. 56.

---

[5] Ng also argues that "[i]n the similar manner that Defendants attempt to relitigate a claim already decided by this Court, Plaintiff should alternatively be allowed to relitigate claims of error in a previous order and be given relief from this Court's 2011 Order for extraordinary circumstances . . . ." *See* Doc. No. 137 at p. 9. The Court finds neither error in any other portion of its Partial Summary Judgment order, nor extraordinary circumstances to warrant the type of relief requested.

## CONCLUSION

For the foregoing reasons, the Court modifies its Partial Summary Judgment Order, and grants the Remaining Defendants summary judgment as to Ng's Final Claim.  Because Ng has no surviving cause of action, the complaint is dismissed, and the Clerk of the Court is directed to close this case pursuant to the accompanying Judgment.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      September 22, 2014

_____
ROSLYNN R. MAUSKOPF
United States District Judge